UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00087-FDW

UNITED STATES OF AMERICA       )
                               )
vs.                            )
                               )       ORDER
PATRICK DEANGELO CANNON        )
                               )
        Defendant.             )

THIS MATTER is before the Court on The Charlotte Observer Publishing Company's ("Charlotte Observer") Motion to Intervene and Motion to Unseal (Doc. No. 52), filed May 15, 2015. Both the United States and Defendant Patrick DeAngelo Cannon filed responses to that motion (Docs. Nos. 55, 56), and the Charlotte Observer, after receiving leave from the Court, submitted a reply to those responses (Doc. No. 59). This matter is now ripe for disposition, and for the reasons that follow, the Court GRANTS WITH MODIFICATION the Charlotte Observer's Motion.

I. MOTION TO INTERVENE

As an initial matter, the parties do not dispute whether the Charlotte Observer should be permitted to intervene. Indeed, courts routinely acknowledge and approve of the media's right to intervene. See United States v. Fretz, 2012 WL 1655412, at *2 (E.D.N.C. May 10, 2012) (citing United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008) (explaining that although the Federal Rules of Criminal Procedure do not expressly reference motions to intervene, such motions are commonly used to assert the public's First Amendment right to access of criminal proceedings); United States v. Moussaoui, 65 F.3d Appx. 881, 884 (4th Cir. 2003) (granting the motion to

1

intervene filed by a consortium of media companies and an organization for the limited purpose

of obtaining access to certain portions of the court's record and oral argument)).  Further, the local

criminal rule implicated in the merits of the Charlotte Observer's motion to unseal contemplates

that such motions to unseal may be filed by "interested non-parties."  See LCrR 55.1(I); see also

LCrR 55.1(H).  Accordingly, the Court GRANTS that portion of the Charlotte Observer's motion

seeking to intervene.

## II. MOTION TO UNSEAL

Next, the Court turns to that portion of the Charlotte Observer's motion related to unsealing

certain documents submitted as part of Defendant's sentencing hearing.  The law from the Fourth

Circuit concerning public access to documents filed in criminal cases is clear.

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny.  The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment. The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that countervailing interests heavily outweigh the public interests in access.  By contrast, the First Amendment secures a right of access only to particular judicial records and documents, and, when it applies, access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. . . .

Doe v. Pub. Citizen, 749 F.3d 246, 265-66 (4th Cir. 2014) (internal citations and quotations

omitted).  "Regardless of whether the right of access arises from the First Amendment or the

common law, it 'may be abrogated only in unusual circumstances.'"  Virginia Dep't of State Police

v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (quoting Stone v. University of Md. Med.

Sys. Corp., 855 F.2d 178, 182 (4th Cir.1988)).

In addition to this controlling law, the local criminal rules also guide the Court's analysis of the instant motion. Local Criminal Rule 55.1(H) provides that pleadings that "incorporate or refer to a defendant's pre-sentence report shall, if filed, be filed under seal."[1] Although these documents are sealed without the need for a separate motion to seal, the rule obviously contemplates the potential public disclosure of these documents by specifying the notice and pleading requirements to unseal. See LCrR 55.1(H) ("The defendant, government, and United States Probation Office shall be notified by the moving party of any motion to unseal pre-sentence materials, sentencing memoranda, pre-sentence report, or any related materials and given an opportunity to respond . . . ."). Bearing these principles in mind, the Court turns to the merits of the Charlotte Observer's motion to unseal.

Here, the Charlotte Observer seeks to unseal: (1) the United States' Sentencing Memorandum and attachments thereto (Doc. No. 34); (2) Defendant's Sentencing Memoranda and attachments thereto (Docs. Nos. 35, 36, 37); (3) any statements or letters of support submitted to the Court on behalf of Defendant in connection with his sentencing; and (4) the Court's Statement of Reasons (Doc. No. 40).[2]

---

[1] For purposes of background, it is worth noting that this rule was proposed by the Local Rules Committee, which is a group of distinguished attorneys from various practices of law whom the Court appoints to propose and review local rules of civil and criminal procedure. See In Re Advisory Committee on Local Rules, 3:14-mc-42, Doc. No. 1. That committee proposed this rule and the presumptive filing under seal in order to protect sources of confidential information, including the identification of cooperating witnesses, as well as to prevent the compromise of ongoing investigations. The presence of a motion to seal being filed in relation to a sentencing memorandum provided notice on the public docket that a particular defendant may be cooperating with authorities, and the mere filing of such a motion could place that defendant in harm's way. The rule as originally proposed contemplated the sealing of an entire case, almost as a routine matter, to remedy the identified danger. In response to objections raised by members of the Bar during the comment period, the Local Rules Committee revisited and narrowly tailored the rule to the current language in order to accommodate the media, protect lives, and comply with the strictures of Federal Rule of Criminal Procedure 32 and 18 U.S.C. § 3552(d).

[2] The Statement of Reasons is sealed pursuant to national policy set by the Administrative Office of the United States Courts. See http://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files. In March 2001, the Judicial Conference of the United States approved a policy change restricting the routine public disclosure

Based on representations contained in the parties' pleadings related to the instant motion, it appears as though the parties agree to – or at a minimum do not oppose – certain redactions and the unsealing of the United States' Sentencing Memorandum, (Doc. No. 34), and the Statement of Reasons, (Doc. No. 40). Accordingly, the Court will UNSEAL the United States' Sentencing Memorandum in its entirety and the Statement of Reasons, except for redaction of Defendant's Social Security Number. The Clerk of Court shall unseal the government's memorandum (Doc. No. 34), and Defendant shall file a redacted Statement of Reasons that complies with this Order as soon as reasonably possible.

The parties also agree in large part as to the unsealing of the letters of support filed as attachments to Defendant's sentencing memoranda, with a minor dispute over the redaction of personal identifying information in these letters. Defendant proposes redaction of personal home addresses, telephone numbers and email addresses, (see Docs. Nos. 57-2, 57-3, 57-4), while the Charlotte Observer argues the name of the city in the home addresses should not be redacted. The Court agrees with the Charlotte Observer. Therefore, the Court will unseal these letters in their entirety, except for personal telephone numbers, email addresses, street addresses, and zip codes contained therein. In order to expedite disclosure of the majority of the contents of these documents, the Court will direct the Clerk of Court to unseal Defendant's proposed versions of these letters (Docs. Nos. 57-2, 57-3, and 57-4). Defendant, however, shall file re-redacted versions of these letters that displays the name of each letter writer's city in the address field as soon as reasonably possible.

---

of the statement of reasons because of the sensitive information contained therein and in order to promote the safety of defendants and others.

Despite these harmonies among the parties, the gravamen of the parties' dispute here concerns the unsealing of Defendant's sentencing memoranda and the supporting medical and mental health records attached thereto. The Charlotte Observer contends Defendant's sentencing memoranda should be unsealed in their entirety.[3] While Defendant agrees that much of his sentencing memoranda can be unsealed, he specifically requests redaction of references to the pre-sentence report ("PSR"), as well as his medical and mental health history. Defendant also asserts that his mental and medical health records attached as exhibits to his sentencing memoranda should remain sealed.

First, as to the references to the PSR, this Court has recognized, "[I]t is well established that PSRs are confidential documents, and there is a strong presumption against such disclosure." United States v. Coxton, 598 F. Supp. 2d 737, 738-39 (W.D.N.C. 2009) (citing United States Dept. of Justice v. Julian, 486 U.S. 1, 12, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988) ("[C]ourts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals."); United States v. Figurski, 545 F.2d 389, 391 (4th Cir.1976). Further, this District's Local Criminal Rule 32.3 provides:

> The probation officer's sentencing recommendation is a confidential record and shall not be disclosed, except pursuant to an Order of the Court. No confidential records of this Court maintained by the probation office, including but not limited to the sentencing recommendation, shall be sought by an applicant except by written petition to this Court establishing with particularity the need for specific information in the records.

---

[3] Defendant also seeks to redact his children's first names, listed on page three of the October 11, 2014, sentencing memorandum. It does not appear that the Charlotte Observer objects to these redactions, and they will be allowed.

In order to overcome this presumption of non-disclosure, a third party must demonstrate that "'lifting confidentiality is required to meet the ends of justice.'" Coxton, 598 F. Supp. 2d at, 739 (quoting Figurski, 545 F.2d at 391).

Disclosure of the entire PSR is not an issue before the Court. The Charlotte Observer does not request to unseal the PSR document. Defendant, however, seeks to expand the presumption against PSR disclosure to support his argument to redact all references to the PSR from his sentencing memoranda. Defendant's memoranda makes only two references to the PSR.

First, Defendant seeks to redact the entire two-paragraph section on page three of his October 11, 2014, sentencing memorandum entitled the "Advisory Sentencing Guideline Range." Although one sentence in this section references the PSR and its calculation of the advisory guideline range, both parties engaged in argument on this topic in open court during the sentencing hearing. The proposed redacted section relates to the discussion during the public hearing, where media and members of the public were present. The only other reference to the PSR occurs on page five of the same sentencing memorandum. In this instance, Defendant seeks to redact only the precise reference to the PSR at the beginning of a sentence, but not the remainder of the sentence that explains what the PSR actually reflects.

The Court finds that under the common law right of access, the public interests in access to these references to the PSR contained in the sentencing memorandum outweigh the countervailing interests. The Court also finds that that the First Amendment also secures a right of access because there is no compelling government interest under the specific facts of this case that would be protected by keeping these portions of the sentencing memorandum under seal. Finally, the Court finds that the ends of justice would be served by unsealing these portions.

The remainder of the redactions proposed by Defendant concern the evaluation of Defendant by psychiatrist Richard G. Dudley, Jr., M.D., and Dr. Dudley's resulting report. Defendant argues the proposed redactions pertain to highly sensitive and personal medical information, which is of no interest to the public. The Charlotte Observer objects to these redactions, arguing that Defendant submitted the medical and mental health records for the purpose of seeking mitigation of his sentence. In fact, the Court ultimately recommended Defendant be permitted to participate in any available substance abuse programs and receive the benefits of 18 U.S.C. § 3621(e)(2), which, under the statute, could make him eligible for up to twelve months reduction in prison time served.

The Court recognizes that the medical and mental health information in Defendant's sentencing memorandum is private information. The public's interest, however, outweighs this privacy right under careful consideration of the facts specific to this case, particularly where the Court recommended and the Bureau of Prisons admitted Defendant into a substance abuse program, which could affect the amount of time he serves in prison. Defendant sought and received a specific benefit from the Court, and the public has a right to know the basis for that benefit so long as it does not put another person at risk of harm. Therefore, the Court denies Defendant's request to redact the references to his medical and mental health, including the report prepared by Dr. Dudley attached to Defendant's sentencing memorandum.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Charlotte Observer's Motion to Intervene and Motion to Unseal is GRANTED as explained herein. The Clerk of Court is respectfully DIRECTED to unseal the United States sentencing memorandum (Doc. No. 34), as well as

Defendant's proposed redacted letters in support (Docs. Nos. 57-2, 57-3, 57-4). Defendant is directed to file redacted documents as directed herein, including a redacted Statement of Reasons, redacted letters in support (including the sentencing memoranda accompanying the original filings), and a redacted sentencing memorandum from October 14, 2011. Defendant should file these as soon as reasonably possible.

IT IS SO ORDERED.

Signed: June 16, 2015

Frank D. Whitney
Chief United States District Judge